Filed 4/30/14  P.v . Blount CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARLON J. BLOUNT,<br><br>    Defendant and Appellant. | B244982<br><br>(Los Angeles County<br>Super. Ct. No. MA053263) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Affirmed with directions.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Roberta L. Davis and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

During a domestic dispute Marlon J. Blount prevented his fiancée from calling the police by pulling the phone out of the wall and strangling her.  He pleaded no contest to a reduced charge of non-forcible witness dissuasion (Pen. Code, § 136.1, subd. (b)(1))[1] in return for dismissal of other counts.  The trial court sentenced him to six years in state prison, issued a 10-year protective order (§ 136.2, subd. (i)), and imposed a $400 domestic violence fee (§ 1203.097).  On appeal, he contends the protective order and domestic violence fee were statutorily unauthorized.  Respondent concedes both points and we agree.

## DISCUSSION

### I.     The 10-year protective order was unauthorized

Appellant contends the protective order was unauthorized.  Respondent concedes the protection order must be set aside because appellant was not convicted of a crime of domestic violence.  We agree.

Section 136.2, subdivision (i) provides, "In all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim."  Section 13700 defines domestic violence as "abuse committed against . . . a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship."  (§ 13700, subd. (b).)  "Abuse" is defined as "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another."  (§ 13700, subd. (a).)

Here, appellant did not stipulate to the use of force or violence in intimidating the witness.  He pleaded to the lesser crime of non-forcible witness dissuasion.  (§ 136.1, subd. (b)(1).)  Therefore, appellant was not convicted of a crime of domestic violence

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

within the meaning of section 13700, and the subdivision (i) protective order was unauthorized.

## II.     The domestic violence fee was unauthorized

Appellant contends the $400 domestic violence fee was unauthorized because he was not granted probation.  We agree.

Section 1203.097 provides for "[a] minimum payment by the defendant of four hundred dollars ($400)" where "a person is granted probation."  (§ 1203.097, subd. (a).)  A section 1203.097 domestic violence fee may be imposed only if the defendant is placed on probation.  Here, appellant was sentenced to a six-year prison term with no probation.  Therefore, the domestic violence fee was unauthorized.

**DISPOSITION**

The judgment is affirmed.  The trial court is directed to issue an amended abstract of judgment to omit the $400 domestic violence fee and 10-year protective order.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:



JOHNSON, J.



MILLER, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.